Taxes; income tax; deficiency; claim pending before Tax Court; Court of Claims jurisdiction. — On October 6, 1976 the court entered the following order:
*340 Before Davis, Judge, Presiding, KuNzig and BeNNEtt, Judges.
“This income tax case comes before the court on defendant’s motion for summary judgment and plaintiff’s motion for suspension of proceedings. These motions have been considered without oral argument.
“Plaintiff taxpayer, a British subject and resident of the United Kingdom, filed his petition in this court for a refund of income taxes for 1970 (in the amount of $62,044.74) on October 21,1974, based upon a refund claim dated March 14, 1974. Thereafter, on May 28, 1975, the Commissioner of Internal Revenue sent taxpayer (in London, England) a notice of deficiency for the same year, 1970. On October 20, 1975, taxpayer petitioned the Tax Court with respect to this notice of deficiency. The Commissioner answered the Tax Court petition on December 19,1975. On these facts the defendant moves for summary judgment on the ground that under Section 7422 of the Internal Revenue Code this court has lost jurisdiction of the present suit.
“Section 7422 provides in pertinent part that (a) if a taxpayer brings an income tax refund suit in this court, (b) and the Internal Revenue Service thereafter mails to the taxpayer a deficiency notice ‘in respect of the tax which is the subject matter’ of the suit in this court, (c) provided that such mailing of the deficiency notice occurs prior to the hearing of the suit in this court, (d) then the proceedings in the suit here shall be stayed during the period of time the taxpayer has to petition the Tax Court plus 60 days thereafter, and (e) when the taxpayer petitions the Tax Court (if he does), this court ‘shall lose jurisdiction of the taxpayer’s suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer’s suit for refund.’ On the face of this statute this court appears to ■have lost jurisdiction in this case. No issue has been raised as to the Tax Court’s jurisdiction to consider the refund claim previously pressed in this court, and that claim is raised in taxpayer’s petition to the Tax Court. Plaintiff’s income tax for 1970 can create only a single claim (Commissioner v. Sunnen, 333 U.S. 591, 598 (1948)), and as to such a single claim a taxpayer can choose between bringing a *341 refund suit or litigating in tbe Tax Court ‘but he cannot litigate in both.’ See Flora v. United States, 362 U.S. 145, 166 (1960).
“Taxpayer admits that this court lost jurisdiction on the filing of the Tax Court suit to the extent the Tax Court acquired jurisdiction, but suggests that the extent of the Tax Court’s acquisition of jurisdiction cannot be finally determined until the Tax Court litigation is concluded; taxpayer therefore suggests that proceedings in this court be suspended until final action by the Tax Court. However, plaintiff presents no reason whatever for thinking that there is any doubt as to the Tax Court’s jurisdiction over the subject matter of the present suit or any reason for doubting that that court will determine the refund issues. In these circumstances the appropriate procedure is to dismiss the present suit. Suspension of proceedings here, if available, should be ordered only where there is a substantial issue as to whether the Tax Court has acquired the appropriate jurisdiction.
“it is THEREFORE ORDERED AND concluded that defendant’s motion for summary judgment is granted, plaintiff’s motion for suspension of proceedings is denied, and the petition is dismissed under Section 7422 of the Internal Revenue Code.”